IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZACHARY A. STEWARD,

    Petitioner,

  vs.                        CIVIL ACTION
                               No. 11-3098-SAC

STATE OF KANSAS, et al.,

    Respondents.

MEMORANDUM AND ORDER

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se and submitted the filing fee. The court's initial review of this matter has identified a potential defect in this matter, and, for the reasons set forth in this order, the petitioner will be directed to show cause why this matter should not be dismissed.

**Facts**

Petitioner was convicted in the District Court of Sedgwick County, Kansas, pursuant to a guilty plea, on November 30, 2001. He was sentenced on January 9, 2001. Petitioner did not pursue a direct appeal.

On June 27, 2003, petitioner filed a state post-conviction action pursuant to K.S.A. 60-1507. The state district court

denied relief on May 13, 2004, and the Kansas Court of Appeals affirmed that decision on March 12, 2010. The Kansas Supreme Court denied review on June 23, 2010. Petitioner executed the petition in this matter on May 6, 2011.

## Discussion

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, there is a one year limitation period for filing an application for habeas corpus under § 2254. Generally, this one year period beings to run when a petitioner's conviction becomes final by the conclusion of direct review or the expiration of the time to request additional review. *See* 28 U.S.C. § 2244(d)(a)(1).

Here, petitioner did not appeal from his conviction, and the conviction became final upon the expiration of the time to appeal. At the time of petitioner's conviction, that period was ten days after sentencing. K.S.A. 22-3608(c)[1].

Pursuant to 28 U.S.C. § 2244(d)(2), the limitation period is tolled, or suspended, for the time during which a properly filed action for state post-conviction relief or other collateral relief is pending. In this case, though, because peti-

---

[1] The statutory period was amended during the 2010 legislative session to allow fourteen days after judgment to file a notice of appeal. 2010 Kansas Laws Ch. 135 (H.B. 2656).

2

tioner did not pursue relief through a post-conviction action until approximately 18 months later, the entire one year limitation period ran before he commenced his pursuit of post-conviction relief. Therefore, it appears the limitation period in this matter expired in January 2002, and that the present action is not timely.

The court is considering the dismissal of this action on that basis, and enters the present order to allow petitioner to show cause why this matter should not be dismissed due to his failure to file this matter within the one year limitation period.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including July 25, 2011, to show cause why this matter should not be dismissed as untimely.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 23rd day of June, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge